# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| LATROY WAITERS, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL NO. 5:14-CV-132-WLS-MSH |
| VS. | : | |
| | : | |
| Warden FREDERICK J HEAD, | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| Respondent. | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |

## **ORDER**

Petitioner Latroy Waiters, a state prisoner, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254 and seeks to proceed without prepayment of the required filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on Petitioner's submissions, the undersigned finds that Petitioner is presently unable to prepay the filing fee.  Petitioner's Motion to Proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED**.

Petitioner, however, has failed to use the standard § 2254 petition used by this Court.  The Clerk shall thus forward Petitioner a copy of the Court's standard form for a § 2254 petition showing this case number.  Plaintiff is **ORDERED** to complete this form and return it to the Court within **TWENTY-ONE (21) DAYS** from the date of this Order.  While this action is pending, Petitioner shall also immediately inform the Court in writing of any change in his mailing address.

Petitioner's failure to comply with this Order may result in the dismissal of his application.  There shall be no service of process in this case until further order.

Petitioner has also requested that the Court appoint counsel to assist him in this habeas action. (ECF No. 3) Generally, there is no right to legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). The Rules governing habeas cases "provide that appointment of counsel is proper if an evidentiary hearing is needed, if certain discovery is required, or 'if the interest of justice so requires' . . ." *Jones v. Thompson*, 2010 WL 3909966 *2 (S.D. Ga. Oct. 5, 2010) (citing Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases). Petitioner's Motion is thus premature. Neither an evidentiary hearing nor discovery is required at this time; and until Petitioner submits his application on the Court's 42 U.S.C. § 2254 form and a responsive pleading is filed, the undersigned is unable to discern whether the interests of justice otherwise require the appointment of counsel. Petitioner's Motion for Appointment of Counsel (ECF No. 3) is **DENIED**.

SO ORDERED, this 17th day of April, 2014.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE